{¶ 50} I concur in the majority's analysis and disposition of appellant's second assignment of error. I further concur in the majority's disposition of appellant's first assignment of error, but choose to elaborate on my reasons for doing so.
 {¶ 51} The majority concludes evidence of the prior incident involving appellant which occurred the week before the incident for which appellant was arrested was ". . . relevant and appropriate to the issues in appellant's case." (Maj. Op. at P. 6, para. 32). While I agree the evidence is relevant, the majority offers no further discussion of why the evidence was appropriate to the issues in appellant's case; what those issues are; nor how they are to be analyzed in light of Evid.R. 404 (B) and R.C. 2945.59.
 {¶ 52} I conclude the trial court did not abuse its discretion in admitting the challenged testimony of the cashier, Ms. Conn. The key issue was appellant's motive or intent. Ms. Conn's testimony tended to prove appellant's motive or intent to commit a theft by demonstrating a common scheme, plan, or system to accomplish the theft offense. The fact appellant had abandoned the shopping cart and left the store without making a purchase during the first incident only after Ms. Conn made sufficient eye contact with appellant to make him aware he had been noticed, is circumstantial evidence of his intent. Furthermore, though not noted in the majority opinion, the trial court twice gave the jury the appropriate limiting instruction pertaining to its permissible use of this evidence. Therefore, I concur in the majority's decision the trial court did not abuse its discretion in admitting this evidence.